IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICOLE CARUSO,<br><br>        Plaintiff,<br><br>  v.<br><br>BALLY'S ATLANTIC CITY,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 16-5021 (JBS-KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    1.    This matter comes before the Court by way of Defendant Bally's Atlantic City's "Motion to Bar Statement and Testimony of Jason/David Chandler and/or Hold in Contempt of Court." (Def.'s Mot. [Docket Item 42].) Counsel for Plaintiff Nicole Caruso filed a response to the motion, which did not indicate opposition to the motion but which purported to "reserve the right to move to reopen discovery for the limited purpose of taking [Jason/David Chandler's] deposition in the event we are able to locate and contact him." (Letter [Docket Item 54].) On the other hand, Plaintiff's counsel's letter also indicated that Plaintiff does not intend to introduce Mr. Chandler's "statement" into evidence. (Id.)

    2.    Additionally, on January 28, 2019, the Court entered the following Text Order on the docket:

> The Court is in receipt of a letter from
> Plaintiff[']s counsel [Docket Item 54]

> describing Plaintiff[']s position with respect to Defendant[']s motion to bar the statement and testimony of Jason Chandler [Docket Item 42]. In light of Plaintiff[']s position, the parties shall meet and confer, in order to draft a stipulation that would resolve the pending motion [Docket Item 42]. Such stipulation, or a letter describing the parties['] ongoing disagreements, shall be filed on the docket by no later than February 4, 2019.

(Text Order [Docket Item 55].) The following day, January 29, 2019, each party filed a separate letter on the docket, neither of which complied with the Court's Text Order, supra. (Letter [Docket Item 56]; Letter [Docket Item 57].) Neither letter indicated that the parties had met and conferred. (Id.) Neither letter indicated that the parties had attempted to draft a stipulation that would have resolved the motion. (Id.)

3. The Court has considered the submissions and for the reasons discussed below, Defendant's motion [Docket Item 42] will be granted in part and denied in part.

4. During Defendant's deposition of Plaintiff, Plaintiff indicated that she received a typed, unsigned, undated "statement" from Mr. Chandler, her manager during the time that she was employed by Defendant. (Def.'s Br. [Docket Item 42-1], 2; Def.'s Ex. A [Docket Item 42-3].) Plaintiff has also named Mr. Chandler as a potential witness in this case. (Def.'s Br. [Docket Item 42-1], 2.) Defendant sought to depose Mr. Chandler and subpoenaed him twice, locating and personally serving him in accordance with Rule

45, Fed. R. Civ. P., though he has failed to appear both times and he has failed to provide any justification for so doing. (Id. at 3-4.)

5. Defendant argues that Mr. Chandler's statements and testimony should be barred or that he should be held in contempt of court because he has failed to appear for two separate, subpoenaed depositions and he has failed to provide any justification for so doing. (Id. at 3-4.) Additionally, Defendant notes that attempts to communicate with Mr. Chandler since he failed to appear "have been unsuccessful." (Id. at 4.) Defendant concludes its motion by stating that Defendant "is entitled to an order barring [Mr.] Chandler's "statement" and him from providing any testimony in this matter and respectfully asks this Honorable Court to enter same." (Id.) The Court interprets this statement to indicate that Defendant's primary objective in filing the present motion is to prevent Mr. Chandler from testifying in this case and to prevent the admission of his "statement" as evidence, and that Defendant's request for the Court to hold Mr. Chandler in contempt of court for his failures to appear for two subpoenaed depositions was requested only as a secondary, alternative form of relief.[1]

---

[1] As the Court shall grant Defendant's primary request for relief, barring any "statement" or testimony from Mr. Chandler from being entered as evidence at trial, the Court shall deem Defendant's secondary request for relief, holding Mr. Chandler in contempt of court, to be moot. Therefore, the Court shall deny the portion of Defendant's motion seeking to hold Mr. Chandler in contempt. Civil

3

6. Plaintiff's response to the present motion indicated that "Plaintiff does not intend to introduce the statement of Jason Chandler into evidence at this time, but simply wishes to reserve the right to move to reopen discovery for the limited purpose of taking his deposition in the event we are able to locate and contact him." (Letter [Docket Item 54.]) The Court interprets this statement as an indication that Plaintiff does not oppose Defendant's motion, but also that Plaintiff separately seeks leave to move to reopen discovery for the purpose of deposing Mr. Chandler, in the event that he can be located in the future.

7. Regarding barring the testimony of witnesses at trial, for failure to comply with relevant discovery orders, the Third Circuit has stated that

> [t]rial judges are afforded wide discretion in making rulings on the admissibility of evidence. See Hurley v. Atlantic City Police Dept., 174 F.3d 95, 110 (3d Cir. 1999) [(citing FED. R. EVID. 403)]; Fuentes v. Reilly, 590 F.2d 509, 511 (3d Cir. 1979). We review admissibility determinations, and exclusion of evidence for an abuse of discretion. "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers [v. Pennypack Woods Home Ownership Ass'n], 559 F.2d [894,] 904 [(3d Cir. 1977), reversed on other grounds]. In Konstantopoulos v. Westvaco Corp., 112 F.3d

---

contempt (which may involve arrest and detention until a witness agrees to appear and testify) is regarded as a remedy of last resort and is unnecessary given the resolution of Defendant's alternative ground of relief.

4

> 710 (3rd Cir.1997), we relied on the factors in Meyers, 559 F.2d at 904-905, in considering whether a district court had abused its discretion in excluding testimony of an expert witness as a discovery sanction. Along with the importance of the excluded testimony, the Meyers factors include (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with the district court's order.

Quinn v. Consol. Freightways Corp. of Delaware, 283 F.3d 572, 576-77 (3d Cir. 2002).

8. In this case, Plaintiff does not oppose Defendant's request to bar admission of Mr. Chandler's "statement" or his testimony, as discussed, supra. As no party opposes Defendant's request, and as Mr. Chandler has been shown to have failed to appear at two separate, subpoenaed depositions, which would lead to an unfair degree of surprise for Defendant were Mr. Chandler later allowed to testify without having been first deposed, the Court shall grant Defendant's motion [Docket Item 42], insofar as it seeks to bar admission of Mr. Chandler's "statement" or his testimony at trial.

9. With regards to Plaintiff's request that any order barring Mr. Chandler's testimony be made without prejudice to their right to seek leave to reopen discovery at a later date, for the

5

purpose of deposing Mr. Chandler, in the event that he is later located, the Court interprets the request as one to enlarge the time for pretrial factual discovery in this case. Pretrial factual discovery in this case expired on July 20, 2018. (Amended Scheduling Order [Docket Item 41], June 11, 2018, 1.) Magistrate Judge Williams, in setting the expiration date of pretrial factual discovery, further ordered that

> [a]ny application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under F$_{ED}$. R. C$_{IV}$. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

(Id. at 1-2.) However, Plaintiff's request for leave to reopen discovery was made in a letter dated January 25, 2019, more than six months after pretrial factual discovery, the letter does not describe any efforts that Plaintiff has made to contact Mr. Chandler or to make him available for deposition, nor does it present good cause under Rule 16(b), Fed. R. Civ. P., for the reopening of pretrial factual discovery six months after its expiration. Defendant has exercised due diligence to obtain Mr. Chandler's testimony on two occasions, and there is certainly no indication that Defendant has somehow procured Mr. Chandler's

disobedience to its own subpoenas. For those reasons, Plaintiff's request for leave to reopen discovery in order to depose Mr. Chandler, in the event that he is located, will be denied.

10. For the foregoing reasons, the Defendant's "Motion to Bar Statement and Testimony of Jason/David Chandler and/or Hold in Contempt of Court," [Docket Item 42], will be granted insofar as it seeks to bar admission of Mr. Chandler's "statement" or his testimony at trial. The remainder of Defendant's present motion seeking to hold Mr. Chandler in contempt will be denied. Plaintiff's request for leave to reopen discovery in order to depose Mr. Chandler, in the event that he is located, will be denied. An accompanying Order will follow.

**March 6, 2019**                           **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                                 U.S. District Judge